UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

SHARON KATIE ORTIZ, individually, and on behalf of all others similarly situated,

   Plaintiff,

v.

FINANCE SYSTEMS OF RICHMOND, INC., an Indiana corporation,

   Defendant.

NO. 1:21-cv-433

**CLASS ACTION COMPLAINT**

**JURY DEMAND**

Plaintiff Sharon Katie Ortiz ("Plaintiff Ortiz" or "Ortiz") brings this Class Action Complaint and Demand for Jury Trial against Defendant Finance Systems of Richmond, Inc. ("Defendant Finance Systems" or "Finance Systems") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded calls to consumers' phone numbers without first obtaining their prior express consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Ortiz, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**PARTIES**

1. Plaintiff Sharon Katie Ortiz is a resident of East Stroudsburg, Pennsylvania.

2. Defendant Finance Systems is an Indiana corporation headquartered in Richmond, Indiana. Defendant Finance Systems conducts business throughout this District, and throughout the U.S.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction and venue is proper since the Defendant resides in this District and because the wrongful conduct giving rise to this case was directed from this District.

## INTRODUCTION

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4.0 billion robocalls were placed in January 2021 alone, at a rate of 129.6 million per day. www.robocallindex.com (last visited Feb. 2, 2021).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13.     "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14.     Finance Systems of Richmond, Inc is a debt collections corporation[3] which also goes by the assumed name Finance Systems, Inc.

15.     Finance Systems also operates using the assumed name RadiologyBill:

**Business Search**

Business Search Result

| Business ID | Business Name | Name Type | Entity Type | |
|---|---|---|---|---|
| 2011042601108 | RADIOLOGYBILL | RESERVED NAME | | |
| 197310-057 | RADIOLOGYBILL | ASSUMED BUSINESS NAME | Domestic For-Profit Corporation | 4 |

16.     In order to notify consumers of its attempts to collect alleged debts, Finance Systems uses pre-recorded voice messages.

17.     Defendant Finance Systems places pre-recorded calls to phone numbers that it does not have the necessary consent to be calling.

18.     In Plaintiff Ortiz's case, Defendant called Plaintiff Ortiz's phone number numerous times with a pre-recorded message, leaving Plaintiff many unwanted pre-recorded voicemail messages for a debt that Plaintiff does not owe.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.financesysteminc.com/
[4] https://bsd.sos.in.gov/publicbusinesssearch#

19. In response to these calls, Plaintiff Ortiz files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

**FINANCE SYSTEMS PLACES PRE-RECORDED CALLS TO CONSUMERS**

20. Finance Systems places calls to consumers using pre-recorded voice messages.

21. Finance Systems sends out the prerecorded messages to individuals *without first obtaining their prior express consent* to receive pre-recorded voice messages.

22. Many consumers have posted the pre-recorded voice messages they received from Finance Systems using 317-999-9340, the same number that was used to call Plaintiff.

23. For example:



[5]

---

[5] https://directory.youmail.com/directory/phone/3179999340

24. Other consumers have voiced their complaints online about receiving unwanted calls from Defendant Finance Systems including:

- "Have no debts"[6]
- "False do not have bad debt"[7]
- "Called about outstanding medical bill. Identified themselves as a debt collector. Major scam!"[8]

### PLAINTIFF ORTIZ'S ALLEGATIONS

25. In early 2020, Plaintiff Ortiz acquired a new cell phone number.

26. Plaintiff received a series of unwanted pre-recorded calls from Defendant Finance Systems from phone number 317-999-9340.

27. According to YouMail.com, pre-recorded voicemail messages from 317-999-9340 that identified the name RadiologyBill instructed consumers to call either 888-977-XRAY or 888-977-9729. For example:

  Rose with hello, this is Rose with Radiology Bill calling with a very important message. This is an attempt to collect a debt. Please return my call at one 888-977-9729, and my extension is 410. Again, that number is 888-977-9729, and my extension is 410. Thank you.

[9]

28. Phone number 888-977-9729 and 888-977-XRAY are displayed on RadBills.com, the website for RadiologyBill:

---

[6] https://lookup.robokiller.com/p/317-999-9340
[7] Id.
[8] Id.
[9] https://directory.youmail.com/directory/phone/3179999340



29.     According to the website Radbills.com, Radiology Bill is a Division of Finance System of Richmond, Inc.:[10]



[11]

30.     Based on an investigation conducted by Plaintiff's attorneys, when 317-999-9340 is called, an automated system identifies the company as being RadiologyBill.

31.     The name Radiology Bill was referenced in pre-recorded calls that Plaintiff received.

---

[10]

[11] https://www.radbills.com/

32. Plaintiff blocked 317-999-9340 on her cell phone, but this did not prevent Defendant from leaving pre-recorded voice messages on Plaintiff's phone.

33. Frustrated by all the pre-recorded voicemails, Plaintiff unblocked 317-999-93640 in October of 2020 so she could answer a call and ask an employee to stop calling her.

34. Plaintiff received a call from Defendant to her cell phone on October 2, 2020 at 3:46 from phone number 317-999-9340.

35. Plaintiff answered this call, which began with a pre-recorded voice message.

36. Plaintiff listened to the message, but the message did not give her the opportunity to speak to a live agent, so Plaintiff ended the call.

37. On October 7, 2020 at 10:32 AM, Plaintiff received another call from Defendant to her cell phone from phone number 317-999-9340.

38. Plaintiff answered this call and again heard a pre-recorded voice message.

39. Again, the message did not provide an option for Plaintiff to speak to a live agent, so Plaintiff ended the call.

40. Plaintiff once again blocked 317-999-9340 on her cell phone, but this did not stop Defendant from leaving pre-recorded voice messages on Plaintiff's phone.

41. Plaintiff received another pre-recorded voice message on her cell phone from Defendant on January 15, 2021 at 3:08 PM:



42. Plaintiff Ortiz has never personally provided her cell phone number to Finance Systems, let alone providing her express consent to received pre-recorded calls.

43. The unauthorized telephone calls that Plaintiff received from or on behalf of Finance Systems, as alleged herein, have harmed Plaintiff Ortiz in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone and her voicemail.

44. Seeking redress for these injuries, Plaintiff Ortiz, on behalf of herself and Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits pre-recorded voice message calls to a cell phone number.

## CLASS ALLEGATIONS

45. Plaintiff Ortiz brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of Defendant) called (2) using a pre-recorded voice message, and (3) for whom the Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call Plaintiff.

46. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Ortiz anticipates the need to amend the Class definitions following appropriate discovery.

47. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

48. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant or its agents placed pre-recorded voice message calls to Plaintiff Ortiz and members of the Pre-recorded No Consent Class without first obtaining prior express consent to make pre-recorded calls to members of the Class;

(b) whether Defendant's conduct constitutes a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the knowing and willfulness of Defendant's conduct.

49. **Adequate Representation**: Plaintiff Ortiz will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Ortiz has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Ortiz and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Ortiz nor her counsel have any interest adverse to the Class.

50. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Ortiz. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to

obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Ortiz and the Pre-recorded No Consent Class)

51. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

52. Defendant and/or its agents transmitted unwanted telephone calls to Plaintiff Ortiz and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

53. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Ortiz and the other members of the Pre-recorded No Consent Class.

54. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Ortiz and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ortiz individually and on behalf of the Class, prays for the following relief:

55. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Ortiz as the representative of the Class; and appointing her attorneys as Class Counsel;

56. An award of actual and/or statutory damages and costs;

57. An order declaring that Defendant's actions, as set out above, violate the TCPA;

58. An injunction requiring Defendant to cease all unlawful calling activity, and to otherwise protect the interests of the Class; and

59. Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Ortiz requests a jury trial.

Respectfully Submitted,

SHARON KATIE ORTIZ, individually and on behalf of all others similarly situated individuals

DATED this 19th day of February, 2021.

/s/ Steven Lovern
Law Office of Steven Lovern
8206 Rockville Rd., Box 115
Indianpolis, IN 46214
lovernlaw@aol.com
Telephone: (317) 432-0726

Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th FL
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

KAUFMAN P.A.
Avi R. Kaufman (*pro hac vice forthcoming*)
kaufman@kaufmanpa.com
400 NW 26th Street
Miami, FL 33127
Telephone: 305.469.5881

*Attorneys for Plaintiff and the putative Class*